UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RICARDO LEON JESUS,

       Plaintiff,

  -v-                                                            No.  17-CV-1826-LTS-KHP

THE CITY OF NEW YORK, P.O. MARTIN
MARTINEZ, No. 265, P.O. JOHN DOE #3,
and P.O. JOHN DOE #4,

       Defendants.

-------------------------------------------------------x

ORDER

Plaintiff Ricardo Leon Jesus ("Plaintiff"), proceeding pro se, commenced this action on March 10, 2017, alleging claims arising under 42 U.S.C. § 1983. Plaintiff was incarcerated the time he filed the Complaint. On September 15, 2017, Defendant City of New York filed a letter advising that Plaintiff had been released from the custody of the Department of Correction and Community Supervision on September 1, 2017, but that he had failed to update the Court or the City with his post-release address for service of documents related to this case. The City advised that it was prepared to file its motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), in accordance with the briefing schedule previously set by the Court, but that the City would be unable to effectuate service of its motion upon Plaintiff without his new address. Accordingly, the City requested that its time to file and serve its motion to dismiss be held in abeyance until Plaintiff resumed prosecution of his case. Defendant Marinez (incorrectly named in the caption as Defendant Martinez) subsequently filed

a letter joining in the City's request and also seeking to stay his time to file a motion to dismiss for the same reason.

On September 19, 2017, Magistrate Judge Katharine H. Parker issued an Order stating that the Court understood Plaintiff had recently been released on parole and that Plaintiff had failed to provide his post-release address for purposes of effectuating service of court documents and filings. The Court directed Plaintiff to file a letter with the Court stating his current address and telephone number by no later than October 18, 2017. The Court warned that Plaintiff's failure to comply with this directive could result in the dismissal of this action for failure to prosecute. In addition to docketing that Order, the Court also mailed a copy of the Order to the New York State Department of Corrections Parole Officer responsible for Plaintiff's post-release supervision.

On October 25, 2017, Judge Parker recommended that the above-captioned action be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), as Plaintiff had failed to file a letter with the Court as he had been directed to do in the September 19, 2017, Order. No objections to the Report have been filed by either party.

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1) (C) (LexisNexis 2016). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Service, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal citations and quotation marks omitted).

Having reviewed Magistrate Judge Parker's thorough and well-reasoned Report, to which no objection has been made, the Court finds no clear error. Therefore, the Court adopts

the Report in its entirety.  Accordingly, the above-captioned action is hereby dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to close this case.  This Order resolves Docket Entry No. 51.

       SO ORDERED.

Dated: New York, New York
      November 22, 2017

                                                /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       United States District Judge